UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DATA MATCH ENTERPRISES OF TEXAS, LLC<br><br>Plaintiff,<br><br>v.<br><br>EHARMONY.COM, INC., FRIENDFINDER NETWORK, INC., DATE.COM, INC. and SINGLESNET, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 2:07-cv-444<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Data Match Enterprises of Texas, LLC ("Plaintiff" or "Data Match"), by and through its undersigned counsel, files this Original Complaint against Eharmony.com, Inc., Friendfinder Network, Inc., Date.com, Inc., and Singlesnet, Inc. (collectively the "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop each Defendant's infringement of U.S. Patent No. 5,623,660 (the "'660 Patent"), entitled "System for Regulating Access to Data Base for Purposes of Data Base Management." A copy of the '660 Patent is attached hereto as Exhibit "A." Data Match is the owner and assignee of the '660 Patent. Data Match seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff Data Match is a limited liability company organized and existing under the laws of the State of Texas. Data Match maintains its principal place of business at 104 E. Houston Street, Suite 140, Marshall, Texas 75670. Data Match is the owner and assignee of all rights, title, and interest in and to the '660 Patent and possesses all rights and recovery under the '660 Patent including, but not limited to, the right to sue for infringement and recover past damages.

3. Defendant Eharmony.com, Inc. ("Eharmony") is a corporation organized and existing under the laws of the State of California with its principle place of business located at 888 East Walnut Street, 2nd Floor, Pasadena, California 91101. Eharmony may be served with process via its registered agent for service of process, CSC Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

4. Defendant Friendfinder Network, Inc. ("Friendfinder") is a corporation organized and existing under the laws of the State of California with its principle place of business located at 445 Sherman Ave., Suite T, Palo Alto, California 94306. Friendfinder may be served with process via its registered agent for service of process, Andrew Conru, 445 Sherman Ave., Suite T, Palo Alto, California 94306.

5. Defendant Date.com, Inc. ("Date.com") is a corporation organized and existing under the laws of the State of New York, with its principle place of business located at 1691 Michigan Ave., Suite 410, Miami Beach, Florida 33139. Date.com may

be served with process via its registered agent for service of process, Meir Strahlberg 1691 Michigan Ave., Suite 410, Miami Beach, Florida 33139.

6. Defendant Singlesnet, Inc. ("Singlesnet") is a corporation organized and existing under the laws of the State of Massachusetts, with its principle place of business located at 13A Highland Circle, Needham, Massachusetts 02494. Singlesnet may be served with process via its registered agent for service of process, Quinn Lipin, 41 Pine Ridge Road, Wellesley, Massachusetts 02481.

## JURISDICTION AND VENUE

7. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over each Defendant. Each Defendant has conducted and does conduct business within the State of Texas. Each Defendant, directly and/or through intermediaries (including subsidiaries, distributors, third party administrators, etc.), offers for sale, sells, and advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Each Defendant, directly and/or through intermediaries, has committed the tort of patent infringement within the State of Texas, and, more particularly, within the Eastern District of Texas.

9. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT 5,623,660

10. Data Match refers to and incorporates herein the allegations of Paragraphs 1-9 above.

11. United States Patent No. 5,623,660 (the "'660 Patent"), entitled "System for Regulating Access to Data Base for Purposes of Data Base Management," was duly and legally issued by the United States Patent and Trademark Office on April 22, 1997 after a full and fair examination. Data Match is the assignee of all rights, title, and interest in and to the '660 Patent and possesses all rights of recovery under the '660 Patent, including the right to sue for infringement and recover past damages.

12. Each Defendant has infringed and continues to infringe the '660 Patent by making, using, offering to sell, selling (directly or through intermediaries), and/or importing, in this district and elsewhere in the United States, an internet dating website and associated services that utilize the systems and methods disclosed and claimed in the '660 Patent. Upon information and belief, each Defendant also has contributed to the infringement of the '660 Patent, and/or actively induced others to infringe the '660 Patent, in this district and elsewhere in the United States.

13. Each Defendant's infringement of the '660 Patent has caused Data Match to suffer damages in an amount that is no less than a reasonable royalty.

14. Data Match is entitled to recover from each Defendant the damages sustained by Data Match as a result of each Defendant's wrongful acts in an amount subject to proof at trial.

15. Each Defendant's infringement of Data Match's exclusive rights under the '660 Patent will continue to damage Data Match, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

## JURY DEMAND

16. Plaintiff demands a trial by jury on all issues and has paid the required jury fee.

## PRAYER FOR RELIEF

18. Plaintiff Data Match Enterprises of Texas, LLC respectfully requests this Court to enter judgment in its favor against each Defendant, granting the following relief:

   A. An adjudication that each Defendant has infringed and continues to infringe claims of the '660 Patent;

   B. An award to Data Match of damages adequate to compensate Data Match for each Defendant's acts of infringement together with prejudgment interest;

   C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining each Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) active infringement with respect to the claims of the '660 Patent; and

   D. Any further relief that this Court deems just and proper.

Respectfully submitted,

By:    /s/ Brent N. Bumgardner

Brent N. Bumgardner
State Bar No. 00795272
bbumgardner@monts-ware.com
Attorney-In-Charge
Donald Puckett
State Bar No. 24013358
dpuckett@monts-ware.com
Leslie D. Ware
State Bar No. 00785179
lesware@airmail.net
Mark W. Born
State Bar No. 24034334
mborn@monts-ware.com

**MONTS & WARE, L.L.P.**
1701 North Market Street, Suite 330
Dallas, Texas 75202-2088
(214) 744-5000
(214) 744-5013 Fax

**ATTORNEYS FOR PLAINTIFF**